## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| LEWIS BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| GCI LIBERTY, INC., JOHN C. MALONE, GREG B. MAFFEI, RONALD A. DUNCAN, GREGG L. ENGLES, DONNE F. FISHER, RICHARD R. GREEN, SUE ANN HAMILTON, LIBERTY BROADBAND CORPORATION, GRIZZLY MERGER SUB 1, LLC, and GRIZZLY MERGER SUB 2, INC., | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on August 6, 2020 (the "Proposed Transaction"), pursuant to which GCI Liberty, Inc. ("GCI Liberty" or the "Company") will be acquired by Liberty Broadband Corporation ("Parent"), Grizzly Merger Sub 1, LLC ("Merger Sub 1"), and Grizzly Merger Sub 2, Inc. ("Merger Sub 2," and together with Parent and Merger Sub 1, "Liberty Broadband").

2. On August 6, 2020, GCI Liberty's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Liberty Broadband. Pursuant to the terms of the Merger Agreement, among

other things: (i) each share of GCI Liberty Series A common stock will be converted into 0.580 shares of Parent Series C common stock; and (ii) each share of GCI Liberty Series B common stock will be converted into 0.580 shares of Parent Series B common stock.

3. On September 17, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of GCI Liberty common stock.

9. Defendant GCI Liberty is a Delaware corporation and maintains its principal executive offices at 12300 Liberty Boulevard, Englewood, Colorado 80112. GCI Liberty's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "GLIBA."

10. Defendant John C. Malone ("Malone") is Chairman of the Board of the Company. Malone also serves as Chairman of the board of directors of Parent.

11. Defendant Greg B. Maffei ("Maffei") is Chief Executive Officer ("CEO"), President, and a director of the Company. Maffei also serves as CEO of Parent.

12. Defendant Ronald A. Duncan is a director of the Company.

13. Defendant Gregg L. Engles is a director of the Company.

14. Defendant Donne F. Fisher is a director of the Company.

15. Defendant Richard R. Green is a director of the Company.

16. Defendant Sue Ann Hamilton is a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

19. Defendant Merger Sub 1 is a Delaware limited liability company, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

20. Defendant Merger Sub 2 is a Delaware corporation, a wholly-owned subsidiary of Merger Sub 1, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

21. GCI Liberty operates and owns interests in a broad range of communications businesses.

22. The Company's principal assets consist of its subsidiary GCI Holdings, LLC ("GCI Holdings"), and interests in Charter Communications, Inc. and Parent.

23. GCI Holdings is Alaska's largest communications provider, providing data, wireless, video, voice, and managed services to consumer and business customers throughout Alaska.

24. The Company's other businesses and assets consist of its subsidiary Evite, Inc. and its interest in LendingTree, Inc.

25. On August 6, 2020, GCI Liberty's Board caused the Company to enter into the Merger Agreement.

26. Pursuant to the terms of the Merger Agreement, among other things: (i) each share of GCI Liberty Series A common stock will be converted into 0.580 shares of Parent Series C common stock; and (ii) each share of GCI Liberty Series B common stock will be converted into 0.580 shares of Parent Series B common stock.

27. According to the press release announcing the Proposed Transaction:

Liberty Broadband Corporation ("Liberty Broadband") (NASDAQ: LBRDA, LBRDK) and GCI Liberty, Inc. ("GCI Liberty") (NASDAQ: GLIBA, GLIBP) announced today that they have entered into a definitive merger agreement under which Liberty Broadband has agreed to acquire GCI Liberty in a stock-for-stock merger (the "Combination"). . . .

Under the terms of the merger agreement:

- Each holder of GLIBA will receive 0.580 of a share of LBRDK
- Each holder of GLIBB will receive 0.580 of a share of LBRDB
- Each holder of GLIBP will receive one share of Liberty Broadband Cumulative Redeemable Preferred Stock (with mirror terms to the current GLIBP)
- Cash to be issued in lieu of fractional shares

At the closing of the Combination:

- Former holders of the GCI Liberty common stock are expected to own in the aggregate shares of LBRDK and LBRDB representing approximately 30.6% of the total number of outstanding Liberty Broadband common shares
- Former holders of GLIBP will own in the aggregate all outstanding shares of Liberty Broadband Preferred Stock newly issued in the Combination
- Former holders of GCI Liberty common stock and GLIBP are expected to own, in the aggregate, approximately 16.7% of the voting power of Liberty Broadband. . . .

John C. Malone, the Chairman of the Board of Liberty Broadband and GCI Liberty, and certain related holders, agreed to vote shares beneficially owned by them, representing approximately 48.3% of the aggregate voting power of Liberty Broadband and approximately 27.0% of the aggregate voting power of GCI Liberty, in favor of the Combination.

In addition, Liberty Broadband entered into an exchange agreement with Mr. Malone pursuant to which he will waive the right to receive LBRDB in the Combination with respect to certain shares of GLIBB beneficially owned by him and will instead receive an equal number of LBRDK so that Mr. Malone's aggregate voting power at Liberty Broadband remains at approximately 49% at the closing of the Combination, which is equal to Mr. Malone's current voting power in Liberty Broadband. Following the closing, Mr. Malone would be able to exchange shares of LBRDK on a one-for-one basis for the waived shares of LBRDB in order to preserve his target voting power of approximately 49% (subject to adjustment for certain transfers by Mr. Malone) following the occurrence of certain voting dilution events and in certain circumstances, Mr. Malone will be required to transfer shares of LBRDB owned by him to Liberty Broadband in exchange for an equal number of shares of LBRDK in order to preserve the target voting power.

Perella Weinberg Partners LP is serving as exclusive financial advisor to the special committee of Liberty Broadband, and Evercore is serving as exclusive financial advisor to the special committee of GCI Liberty. Debevoise & Plimpton LLP is serving as legal counsel to the special committee of Liberty Broadband, and Morris, Nichols, Arsht & Tunnell LLP is serving as legal counsel to the special committee of GCI Liberty. Steptoe & Johnson LLP is serving as independent tax counsel to the special committee of GCI Liberty, and Skadden is serving as special tax counsel to GCI Liberty. Baker Botts LLP is representing GCI Liberty in their capacity as regular outside counsel.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

28. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

29. As set forth below, the Registration Statement omits material information.

30. The Registration Statement fails to disclose Evercore Group L.L.C.'s ("Evercore") "views as to certain potential alternative transactions that might be available to GCI Liberty, including a potential transaction with a strategic acquirer or other third party, and a potential sale of GCI Liberty's operating business in Alaska."

31. The Registration Statement fails to disclose the "possible exchange ratios of GCI Liberty common stock" as discussed by Parent and its financial advisor on June 7, 2020.

32. The Registration Statement fails to disclose all of Evercore's financial analyses, including the June 17, June 23, and June 30, 2020 analyses.

33. The Registration Statement fails to disclose all of Perella Weinberg Partners' financial analyses, including the April 17, April 23, and June 9, 2020 analyses.

34. The Registration Statement fails to disclose whether the Individual Defendants intend to pay Evercore the "additional fee of up to $1 million."

35. With respect to the "Skyhook standalone projections," the Registration Statement fails to disclose all line items used to calculate Adjusted EBITDA.

36. With respect to the "GCI Liberty projections," the Registration Statement fails to disclose all line items used to calculate Adjusted EBITDA and Adjusted OIBDA.

37. The omission of the above-referenced material information renders the Registration Statement false and misleading.

38.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and GCI Liberty

39.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  GCI Liberty is liable as the issuer of these statements.

41.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

42.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

43.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

44.     The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

45. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

46. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Liberty Broadband

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. The Individual Defendants and Liberty Broadband acted as controlling persons of GCI Liberty within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of GCI Liberty and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

49. Each of the Individual Defendants and Liberty Broadband was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous

recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

51.     Liberty Broadband also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

52.     By virtue of the foregoing, the Individual Defendants and Liberty Broadband violated Section 20(a) of the 1934 Act.

53.     As set forth above, the Individual Defendants and Liberty Broadband had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

  D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: October 23, 2020      **RIGRODSKY & LONG, P.A.**

            By: */s/ Gina M. Serra*
              Seth D. Rigrodsky (#3147)
              Brian D. Long (#4347)
              Gina M. Serra (#5387)
              300 Delaware Avenue, Suite 210
              Wilmington, DE 19801
              Telephone: (302) 295-5310
              Facsimile: (302) 654-7530
              Email: sdr@rl-legal.com
              Email: bdl@rl-legal.com
              Email: gms@rl-legal.com

              *Attorneys for Plaintiff*